### SPRADLIN v. COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 7—529.]

**Continuance in a Criminal Trial.**

> Even though an application for a continuance by a defendant in a criminal cause shows he has used diligence to procure an absent witness and that he may at another time be procured to attend, the continuance will not be granted where the evidence of such witness is not material to the defense, and the defendant was not prejudiced by the refusal to grant the continuance.

### APPEAL FROM WHITLEY CIRCUIT COURT.

January 7, 1886.

OPINION BY JUDGE HOLT:

The indictment in this case was found at the October term, 1883, at the Whitley Circuit Court, and the appellant there obtained a continuance upon his affidavit. Shortly thereafter he escaped from custody and was not brought into court again until the October term, 1885, and the case was then set for trial October 13, 1885, then adjourned to the 16th day of the month; and upon the last named day appellant's motion for a continuance until the next term of court was overruled and the case set for the 19th day of the month. A second motion for a continuance, based upon the same grounds as the one first made, was overruled and a trial had resulting in appellant's conviction to the penitentiary for life for the killing of Wiley Spradlin, who bore to him the relation of both nephew and brother-in-law.

The appellant appears to have used proper diligence in trying to obtain the attendance of the witnesses whose absence constituted the ground of his motion for a continuance. But all that he proposed to prove by them related to a former difficulty between himself and the deceased and threats by the latter towards him. However, it appears that after the first difficulty the father-in-law of both of them went to the appellant with a proposal of peace and friendship from the deceased, but it was rejected by the appellant; and a few days after he killed Wiley with a shot-gun when the latter was unarmed and making no demonstration toward him, and

when their father-in-law was trying to prevent the appellant from doing so. The deceased and the father-in-law were at the time engaged in a business transaction or talk, sitting upon a fence, and the appellant came to them and shot the deceased while yet sitting upon the fence, although the father-in-law got off the fence and tried to get hold of the gun to prevent the killing. In fact it substantially appears, if indeed it is not directly proved, that the appellant sought the deceased and killed him when he was in no danger. Under these circumstances the absent witnesses could not have availed him, and he was not prejudiced by the refusal to continue the case. For the same reason, even if the instruction as to manslaughter were objectionable there could be no reversal; but we perceive no error in the instructions, and they seem to have been fully as favorable to the appellant as he had a right to require.

It is urged, however, that the demurrer to the indictment should have been sustained because it failed in giving the title of the prosecution to specify the name of the court; and it is said that it did not show that it had ever been presented in the Whitley Circuit Court. Criminal Code, 1876, § 122, says: "The indictment must contain, first, the title of the prosecution specifying the name of the court in which the indictment is presented and the names of the parties." The indictment in this case shows upon its face that it was found by the grand jury of Whitley county; and we judicially know that there could be no grand jury in the county save that of the circuit court. Moreover the orders of the court show that it was presented by the Whitley county grand jury in, returned to and filed in the Whitley Circuit Court. The requirement of the code relates to the formal part of the indictment only. Its object was to protect a defendant from imposition, and the aim of the statute has not been defeated in this case, even if technically it has not been complied with as to its letter.

Judgment *affirmed*.

*C. W. Lester, for appellant.*

*P. W. Hardin, for appellee.*